FILED
March 27, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

NO. 03-14-00313-CR
IN THE
THIRD DISTRICT OF TEXAS
SUPREME JUDICIAL COURT OF APPEALS

KIRT Allen ESTHAY,

APPELLANT.

VS.

THE STATE OF TEXAS

APPELLEE.

APPEAL OF CAUSE NO. DAS-13-01849 From
THE 119TH JUDICIAL COURT OF CONCHO COUNTY:

MOTION TO SUPPLIMENT ORIGINAL PRO SE
Brief OR RESPONSE TO THE ANders Brief

I.

To The Honorable Justices of the Court of Appeals:
Come now KIRT Allen ESTHAY, APPellanT Pro SE,
Motion To SUPPliment or Amend Original
Petition as Per TRAP Rule 68.10 A Pro se litigant
is entitled To AMend or SUPPliment a Plending
before the court makes its determination
and/or in the Furtherence of Justice as needed:



RECEIVED
MAR 27 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

## II.

ON September 3, 2014 appellant received notice by the Texas Department of criminal Justice mail room, at the Mark W. Stiles unit, at 3060 F.M. 3514 Beaumont, Texas 77705 That Attorney had filed on Anders brief and Appellant's right to file a Pro se brief or response to the Anders brief.

## III.

ON September 8, 2014, the appellate record was first made available to the appellant. The Honorable court did give the appellant Two extension therefore making the deadline February 27, 2015 for filing brief or response.

## IV.

THis is Appellants first brief, Appellant has verey limted access to law Library 10 hour's a week, IF Lucky. Had gone through unit Lock down, 21 days. Library being closed for holidays, appellant have verey limited legal knowledge.

## V.

Appellant is asking the honorable justice to allow his second supplement or amended brief in, FRCP 15; rule 15 d supplement are by leave of the court and sets forth acts '..... which have happened since the date of the pleading sought to be supplemented.' United States V. Hicks, 283 F3d 380, 385;

## VI.

It is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as undue delay, bad faith or dilatory motive on the part of movant or undue prejudice to the opposing party. Firestone. V. Firestone, 76 F3d 1205, 1208 (Dc cir 1996) citing Foman V. Davis, 83 S.ct. 227 (1962);

## VII.

[O]utright refusal to grant the leave to amend without any justifying reason appearing for denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the federal Rules. Marshall V. Knight 4445 F3d 965, 970 (7Th cir 2006) citing Foman V. Davis, 83. S.cT, 227 (1962).

## VIII.

For the reason stated above, Appellant respectfully request to be allowed To suppliment or amed pro se brief or response in support of Appellant's appeal.

Respectfully Submitted,
Kirt Allen Esthay
Kirt Allen Esthay, Pro Se
TDCJ No. 1919078
3060 F.M. 3514
Beaumont TX 77705

Appellant Prays that the court grant this motion To Suppliment or Amend Original Petition or response to Anders brief.

Respectfully submitted,
KIRT Allen Esthay
Kirt Allen Esthay
Petitioner, Pro Se
Texas Department of Criminal Justice; Mark W. Stiles Unit
TDCJ No. 1919078
3060 F.M. 3514
Beaumont, Texas 77705

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above Motion for Suppliment or amended Petition or brief was served on Mr George McCrea, District Attorney by Placing a copy in the Us Mail addressed to, Tom Green County courthouse, Court ST. Annex, 124 w. Beauregard, San Angelo, Texas 76903; on this the    day of March 2015.

KIRT Allen Esthay

Kirt Allen Esthay

Petitioner, Pro SE

TDCJ NO. 1919078

# TABLE OF AUTHORITIES

1.) King V. State 645 S.w 2d 782.

2.) Ellison V. State (Tex. Cr. APP.) 419 S.w. 2d .849.

3.) Jackson V. virginia 443 U.S. 307, 318, 99 S.CT 2781, 2789, 61 L. Ed 2d. 560, 573 (1979)

4.) Laster V. State, 275 S.W. 3d 512, 517 (Tex crim APP. 2009)

5.) Id, at 104, 49 LEd 2d 342, 96 S.Ct. 2392.

6.) Johnson v. State, 23 s.w. 3d 1 (Tex crim APP 2000)

7.) Harris v State, 562 s.w. 2d 463 (1978)

8.) Benjamin Davidson Jr APPellanT V. The state of criminal APPeals of Texas 602. S.w. 2d 272; (1980) 0

9.) Johnson V. State 614. S.w. 2d 148 (Tex crim APP 1981)

10.) Jackson V. Virginia, 443 U.S. 307, 315 (1979)

11.) cf. Kyles V. whitly, 514 U.S 419, 434. (1995)

(12.) Ex Parte welbon 785 S.w. 2d 391, 393 Tex APP. (1990).

13.) Ex Parte Ybarra. 629 S.w. 2d 943, 946 (Tex crim APP, 1982)

14.) Cruz V. State 238 s.w. 3d 389, 398 (Tex APP-Houston) 1st Dist (2006. No PeT.)

15.) Burms V. State 728 S.w. 2d 114, 116, (Tex APP-Houston 14Th DisT 1987)

16.) Figueroa V. State, No 07-05-0314 CR. 2006 Tex APP. Lexis 2603, 2006 WL 825036, at 2 Tex APP Amarillo 2006, No Pet

17.) 405, U.S. at 154, 31 L Ed 2d 104, 92 S.CT 763.

18.) insufficient evidence of a deadly weapon in Alvarez V. State 566 S.W 2d 612.

19.) BenJamin Davidson Jr APPellant V. The state of criminal APPeal of Texas 602 S.W.2d 272 (1980)

20.) Truth seeKing Function of trial Process Id, aT 104, 49 L Ed 2d 342. 96 S.Ct 2392

21.) Rudiment demands of Justice Id 112 79 L Ed 791, 55 S.cT 340, 98 ALR 406. (See #22.)

22.) The courT reaffirmed this PrinciPle in broader term in PYLe V. Kansas 317 US 213 87 L Ed 214, 63 S.ct 177. (1942)

23.) CF. NaPue V. Illinois. 360 US. 264.269, 3 LEd 2d 1217, 79 S.cT 1173 (1959)

24.) Truth seeKing function of the trial Process Id, at 104, 49 L Ed 2d 342, 96 S.ct 2392.

25.) Beck V. Ohio 379 US. 89, 85 S.cT 223 (1964)

26.) Wayne R. Lafave and Jerold H Israel Criminal Procedur § 33. at 140. 2d (1992)

27.) Roberts V. State 220 S.W 3d 521, 524 (Tex Crim APP 2007)

28.) watson V. State 204 SW 3d. 404, 415 (Tex Crim APP 2006)

29.) Mooney V. Holohan, 244 US 103, 79 L Ed 791, 55 S. CT 340, 98 ALR 406 (1935)

30.) In re winship, 90 S. CT. 1068 (1970)

31.) Jackson V. Virginia 99 S. CT. 2781 (1979)

32.) Fiore V. white, 121 S. CT 712 (2001)

33.) Sullivan V. Louisiana, 113 S. Ct. 2078, (1993)

34.) State V. Martin, 128 NE 2d 7 (1955):

35) State V. Otten, 515 NE 2d 1009 (1986)

Texas Codes Crim Proc
ArT. 42.12 § 3g (2)
        22.02 (a) (2)
        38.03 (vernon supp 2008)
Texas Penal Code ann § 2.01
Rules of evid 608 (b) 609 (a)

The claim of ineffectiveness of counsel To Prejudice, the reviewing court must assess the cumulative impact of all deficien Performance Claims, For Istants, 3RR28; 15-25: 3RR29; 1-19: 3RR50; 21-25: 3RR51; 1-24; There is nothing about any Kids anywhere in the records, where is the Objection? also, 3RR54; 13-24: 3RR57; 10-12: Leading State, 3RR52; 20-25: ~~KE~~ 3RR53; 2-11: inconsisten Statements aswell as contradicting TesTimony, SEE; 3RR61; 6-25: and 3RR62: 3RR63: 3RR64: Now Mr GuaDalupe Luna Jr: 3RR74; 20: ~~3RR75; 3:~~ After the break, 3RR85; 3: 3RR86; 7: about the Knife.., SEE; 3RR74: 1-14; and 3RR 76; 5-8: and now, 3RR 85; 7-11: OFFicer GEOrGINA MARITZ, 3RR94: 7; Meaning Two; 3RR99; 18-22: The State, 3RR101; 18-19: DeFendanTs witnesses, Ernest Torres; 4RR32; 6-14: and 4RR 32; 15-25: 3RR109; 4-5: and now, 3RR125; 15-17: also 3RR108; 23-25: 3RR96; 1-4: and now, Mrs Dorotik, 3RR 35; 16-18: and 3118; 1-8; and now, 3RR133; 21-23: Williams v. Taylor, 529 US 362. (2000) Also e.g, Wiggins v. Smith, 123 s.ct. 2527 (2003); Washington v. Smith, 219 F.3d 620, 634-35 7Th cir (2000)

IF counsel had impeached the testimonies of the states witnesses, Michael Cervantes, Guadalupe Luna Jr, and Officer Georgina Maritz, there testimony would obviously been so weak as to undermind confidence in the verdict, See; <u>Johnson v. State</u>, 23 s.w. 3d 1 (Tex crim App. 2000): A appellant claiming insufficiency bears a heavy burden, United <u>States v. Maliszewski</u> 161 F3d 992, 1005 (6Th cir 1998) Evidence is legally insufficient and factually insufficient to support the conviction. Officer Maritz or the other Deputy would not have needed a search warrant if infact that they thought their was a knife. <u>Code of criminal Procedure</u>; Art 1.06. Searches and seizures nor without probable cause support by oath or affirmation. Acts 1965, 59Th Leg, Vol 2. P317 ch. 722, eff Jan 1, 1966; See <u>3RR124; 16-25</u>; <u>3RR125; 1-5</u>; <u>3RR118; 1-8</u>: Officer Maritz admits 3RR133; 21-23 ~~consets~~: Probable cause; office who made the challenged arrest or search subjectively believed he had grounds for his action. As emphasized in <u>Beck v. ohio</u>, 379 Us, 89, 85 S. ct. 223 (1964):

Evidence in Appellant conviction will reverse on the basis of insufficiency; bears a heavy when a defendant is claiming insufficiency of the evidence; United States v. Maliszewski, 161 F3d 992, 1005 (6TH cir 1998)

Strong Suspiction that someone is involved in criminal activity is no substitute for Proof of guilt beyond a reasonable doubt. Inference is allowed, speculation is not. Each link in the chain of inferences must be sufficiently strong to avoid a lapse into speculation. Piaskowski V.Bett 256, F3d. 687, 693 (7Th cir 2001):

Prosecution need not negate all theories consistend with innocence. The test is whether Prosecution has Proven its case beyond a reasonable doubt. Laird V. Lack 884 F2d 912 (§th Cir 1989) Proof beyond reasonable doubt means Proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.

United States V. Stewart 306 F3d 295, 306 (6th cir 2002)

## Ending of Argument

The due Process clause requires the State to Prove every element of the crime beyond a reasonable doubt. In re Winship, 90 S. CT. 1068 (1970); Jackson V. Virginia, 99 S. Ct. 2781 (1979); Fiore V. White, 121 S.CT 712 (2001); Sullivan V. Louisiana 113 S. Ct. 2078 (1993).

1.) First; The AFFIDAVIT created by officer GeorGina Maritz Stated Luna had advised he observed APPellant Threatening Mr Cervantes. CR; P-8:    Mr Luna testified he saw his brother-in-law with a stick in his hand, and then he Saw APPellant with a Knife in his hand. 3RR 73; 25: 3RR 74; 1-2: Also See 3RR 83; 16-19: Finally; See 3RR 85; 17-22:

2.) There was no Threating that Mr Luna seen From the APPellant. He never testified that he seen APPellant Threatening Mr Cervantes.

3) The credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of Fact lost its way and created such a miscarriage of Justice that the conviction most be reversed and a new trial ordered. State V. Martin, 128 NE 2d 7 (1955); State V. otten, 515 NE 2d 1009 (1986):

KiaTA Estha4 #1919078
3060 F.m. 3514
Beaumont, TX 77705

Court of Appeals
Third District of Texas
Mr Jeffrey D. Kyle, Clerk
P.O. Box 12547
Austin, TX 78711

